Indianapolis Traction, etc., Co. *v.* Grey—38 Ind. App. 141.

tion with others, to exercise his faculties for his own safety, and that he cannot relieve himself of the duty by an agreement with another to perform it for him. As a general proposition this is correct, but whether a party has been guilty of contributory negligence must depend upon the particular facts of each case. The promises and agreements under which hazard is assumed, the conditions existing making effective or ineffective, and the use of the natural senses, are to be taken into account in determining the question of negligence. The numerous cases cited by appellant upon the foregoing proposition may, we think, be distinguished from the case at bar.

There is evidence within the issues to support the finding of facts, and to support the verdict. The plaintiff was at work in a proper place, not necessarily dangerous if the promise of the appellant made through his servants had been kept, and was injured by the negligence of appellant and without contributory negligence on his part, as found by the jury.

The judgment is fairly justified by the law and the evidence. Affirmed.

---

## INDIANAPOLIS TRACTION & TERMINAL COMPANY
### *v.* GREY.

[No. 5,768. Filed May 29, 1906.]

1. APPEAL AND ERROR.—*Bills of Exceptions.*—*Duty of Judge to Correct Errors in.*—Under §641 Burns 1901, §629 R. S. 1881, providing that the judge shall correct and file bills of exceptions presented to him, his denial of the correctness of a statement in a bill is a sufficient correction thereof.  p. 142.

2. SAME.—*Instructions.*—*Exceptions.*—Where no exceptions were taken to the giving of instructions, no questions can be raised thereon on appeal.  p. 143.

3. TRIAL. — *Instructions.* — *Prejudicial.* — The giving of correct instructions cannot be considered as prejudicially affecting the jury.  p. 143.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Maggie Grey against the Indianapolis Traction & Terminal Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, Miller & Barnett, W. H. Latta* and *John W. Kern,* for appellant.

*Wymond J. Beckett* and *William A. Johnson,* for appellee.

COMSTOCK, P. J.—Action brought by appellee for personal injuries caused by a collision of two of appellant's cars while appellee was alighting from one of them. The cause was put at issue by general denial. A trial by jury resulted in a verdict on which judgment was rendered for $4,000. Appellant's motion for a new trial was overruled. Appellant complains only of the giving of certain instructions.

The appellee contends that no question is presented as to the instructions because they are not in the record. Appellant attempted to put them in the record by bill of exceptions. The court refused to sign the bill, for the reason that the record did not disclose that the defendant excepted to the giving of them. This proposition is not controverted by appellant, but it is contended that the judge should have corrected the bill in accordance with §641 Burns 1901, §629 R. S. 1881, and stated the manner in which the exceptions were taken or attempted to be taken. The cause was tried solely on the evidence introduced by appellee. Appellant took no exception to the instructions, but filed a motion for a new trial, setting out as errors the giving of the instructions. After the overruling of this motion, appellant attempted, by a bill of exceptions incorporating the instructions, to show that exceptions were taken. The court refused to sign this bill for the reason that no exceptions were taken. It does not appear that appellant attempted to show that exceptions had been taken,

or attempted to be taken. In the brief of appellee it is stated that no exceptions were taken. The judge's denial of the correctness of the statement recited in the bill was a sufficient correction. No other effort appears to have been made to obtain the signature of the judge. Upon the theory that it was a true bill, appellant is in no position to complain of the action of the trial court. Appellant claims that it is entitled to the instructions brought before the court on appeal, even though no exceptions were taken, and this for the reason that the verdict was, in this case, erroneously affected by the instructions. Unless the instructions are incorrect, they cannot be considered as prejudicially affecting the jury, and even then cannot be assailed unless exceptions were taken at the proper time.

Judgment affirmed.